IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50184
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DARYL RUFFIN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-478-ALL
--------------------
December 3, 2001
Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Daryl Ruffin challenges the denial of his motion to suppress

evidence seized pursuant to a search warrant.  He pleaded guilty

to possession of cocaine with intent to distribute, but preserved

his right to appeal the denial of his suppression motion.

    In reviewing the denial of a motion to suppress evidence

obtained pursuant to a search warrant, we determine: (1) whether

the good-faith exception to the exclusionary rule applies; and

(2) if not, whether probable cause supported the warrant.  United

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States v. Cherna, 184 F.3d 403, 407 (5th Cir. 1999), cert. denied, 529 U.S. 1065 (2000).

Ruffin contends the good-faith exception does not apply because the affidavit on which the search warrant was based was merely a "bare bones" affidavit.  The affidavit was based on a confidential informant's personal observation of Ruffin in possession of cocaine at the subject premises within the previous 24 hours.  The affidavit stated that Ruffin usually hid the drugs in his back yard, protected by large dogs.  Furthermore, the confidential informant had previously provided reliable and credible information regarding the trafficking in controlled substances.  Thus, the officers relied in good faith on the warrant.  See United States v. McKnight, 953 F.2d 898, 905 (5th Cir. 1992); United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992).

AFFIRMED.